IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN MICHAEL CHRISTOPHER STENBERG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN CAFFERTY, MAYLI WALSH, WESLEY SOMERTON, NICHOLAS KNOLL, MATTHEW SIMMONS et al.,<br><br>　　　　Defendants. | Case No. 2:22-cv-00211-DCN<br><br>**SUCCESSIVE REVIEW ORDER** |

# I. INTRODUCTION

Plaintiff John Stenberg initiated this action by filing a pro se Complaint on May 12, 2022. Dkt. 1. On May 25, 2022, Stenberg filed a Motion entitled "Order to Compel Emergency Injunction and Permanent Injunctive Relief." Dkt. 2.

On August 9, 2022, the Court reviewed Stenberg's Complaint and Emergency Motion and issued a Decision. Dkt. 3. In relevant part, the Court found that Stemberg had failed to state a claim upon which relief could be granted and also found that it lacked jurisdiction over what appears to be a challenge to underlying state-court proceedings. *Id*. at 6–8. The Court also noted it was unclear whether any of the Defendants had been properly served. *Id*. at 1. The Court dismissed the suit, but allowed Stenberg 30 days to amend his Complaint and remedy the Court's concerns. *Id*. at 10–11.

Stenberg dutifully filed a document 30 days later entitled "Notice of Conspiracy,

Criminal Trespass and Void Order." Dkt. 4. While not an Amended Complaint, the Court will consider Stenberg's filing as it applies to its prior order.

## II. DISCUSSION

In his recent filing, Stenberg argues the Court must not have fully read his submissions because he certified that he had, in fact, served all of the Defendants. Dkt. 4, at 2. He alleges further that the Court apparently missed his primary cause of action which was the "warrantless, illegal, unlawful blood draw." *Id*. Finally, Stenberg takes issue with the Court's supposition that he is some type of sovereign citizen. *Id*. In light of these errors, Stenberg concludes the Court's prior order is "fraudulent, deceitful, and biased" and that the undersigned is "disqualified." *Id*. at 3. He also asserts that the Clerk of the Court, Stephen W. Kenyon, shall "issue a full and complete refund" of his filing fee. *Id*.

To begin, the Court is aware, and always has been, of Stenberg's self-styled "certificate of service." Dkt. 1-4, at 30. The problem, however, is that no summonses were requested or issued in this case, and no Defendant has waived service or appeared. This is what the Court meant by no Defendant had been *properly* served. To date, that issue remains.

Second, the Court previously observed that Stenberg's Complaint delved into a myriad of topics—including criminal procedure, mortgage loans, and the Patriot Act—and that it was unclear exactly what he was claiming in this lawsuit. Dkt. 3, at 3–6. Now, Stenberg has clarified that the main dispute is related to a purported blood draw. It is still unclear, however, when this happened, and whether it is related to Stenberg's on-going state-court proceedings. The Court previously explained the many legal barriers to

"removing" a pending criminal action from Idaho state court to federal district court. *Id*. at 6–8. Again, Stenberg has not remedied any of the Court's concerns on that front.[1]

Third, Stenberg takes issue with the Court's observation that his arguments are akin to those of persons who identify as "sovereign citizens." The Court's remark along these lines was not directed at Stenberg as much as his arguments. In any event, Stenberg argues he is not a sovereign citizen by claiming that the label "sovereign citizen" is an "oxymoron" because sovereignty "has been and always will be with the people." Dkt. 4, at 2. The underlying facts of this case make is fairly clear Stenberg holds these views. And Stenberg's signature block again includes various latin phrases, a seal, a fingerprint, and other language the Court typically sees with those who identify as sovereign citizens. No matter. Whether Stenberg associates himself with that title is irrelevant to the Court's decision today. The bottom line is that many of the arguments Stenberg puts forth have been soundly rejected by Courts. Dkt. 3, at 9 (collecting cases).

Finally, the Court will not refund Stenberg's filing fee. Simply put, the court is not authorized to return the filing fee. Filing fees for initiating a lawsuit are authorized by 28 U.S.C. § 1914, and are part of the costs of litigation. *See Green v. Bank of America*, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (denying refund of filing fee after pro se plaintiff voluntarily dismissed complaint under Rule 41 (a)). Nothing in the statute, or any

---

[1] The Court has already allowed amendment once and will not allow further amendment in this case. If and when Stenberg's state-court matters conclude, he may elect to file a new action regarding the blood draw. The Court is not implying such is a valid cause of action. It is simply holding that Stenberg cannot bring that claim in this case because the Court still does not know the status of any state-court proceedings (and, therefore, whether this action is barred under the *Rooker-Feldman* doctrine or *Heck v. Humphrey*, 512 U.S. 477 (1994)).

SUCCESSIVE REVIEW ORDER - 3

other statute, provides for the refund of a filing fee for any reason.

### III. CONCLUSION

Stenberg has not remedied any of the concerns the Court previously identified. It is still unclear whether any Defendant has *properly* been served. More importantly, it is unclear whether Stenberg's state-court matters have resolved. And, even assuming they have, Stenberg has failed to state a claim upon which relief can be granted. The Court cannot allow this suit to proceed.

### IV. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. Stenberg's Complaint is DISMISSED WITH PREJUDICE and CLOSED.

2. Stenberg's request for a refund of his filing fee is DENIED.

DATED: November 1, 2022

David C. Nye
Chief U.S. District Court Judge